45883. JOHNSON v. THE STATE.
(371 SE2d 396)

SMITH, Justice.

The appellant, Victor Johnson, was convicted of two counts of malice murder and one count of armed robbery. He received three consecutive life sentences. We affirm.[1]

The victims, Albert Merkerson (72) and Sally Strickland (68), ran a "liquor house" in their apartment. The appellant and his friends, Pam Morgan and Cynthia Walker, went to the apartment for some drinks. After they arrived, Ms. Strickland went to her bedroom because she was feeling ill. As the group watched television, the appellant went to the bathroom. When he returned, he suddenly began hitting Mr. Merkerson repeatedly about the head with a tire iron or pipe. Mr. Merkerson's screams and pleas for his life awoke Ms. Strickland. When she entered the room, the appellant hit her on the head and knocked her down. The appellant tied Mr. Merkerson's hands with a stocking. Using his pipe and two kitchen knives, he bludgeoned, stabbed, and cut Mr. Merkerson 40 times in the head, 9 times in the chest, and then tossed his body around the room. The appellant also stabbed Ms. Strickland twice in the head and slashed

---

[1] The crime was committed on March 11, 1987. The DeKalb County jury returned its verdict of guilty on October 28, 1987. A motion for new trial was filed on December 2, 1987, heard and denied on April 26, 1988. Notice of Appeal was filed on May 25, 1988. The transcript of evidence was filed on June 9, 1988. The record was docketed in this court on June 10, 1988. The case was submitted on July 22, 1988.

her neck. He then turned furniture over on the victims' bodies. The appellant and his friends left with a video cassette recorder (VCR), some liquor, money, and a gun.

Before Ms. Strickland died at the hospital, she was able to tell the police that her assailants were two women and a man. The appellant was picked up three months later during an unrelated incident. He made statements incriminating himself, Morgan, and Walker. The appellant was tried separately, and Morgan and Walker testified against him. Morgan and Walker were subsequently tried and acquitted.

1. Reviewing the evidence, we conclude that a rational trier of fact could have found the defendant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant maintains the trial court erred in denying his motion to suppress statements made to the police. He argues that the police did not have probable cause to arrest him, making his post-arrest statements inadmissible.

On the evening of June 11, 1987, Atlanta police responded to a call made by Pam Morgan. Ms. Morgan complained that the appellant threatened her with a large rock. She also stated that the appellant had struck her with a pipe on June 9, 1987 and that she had reported this incident to the police. At the scene, the police officer confirmed the June 9th report with headquarters. He also noticed cuts on Ms. Morgan's body. The officer attempted to find the appellant at his home. The appellant was not at home, but his father asked the police officer to find him. The appellant was found hiding in some bushes observing Ms. Morgan's home and was apparently under the influence of drugs and alcohol.

A "warrantless arrest" is constitutionally valid if at the time of the arrest the arresting officer has probable cause to believe the accused has committed or is committing an offense. *Durden v. State*, 250 Ga. 325 (297 SE2d 237) (1982); *Callaway v. State*, 257 Ga. 12 (354 SE2d 118) (1987). Probable cause exists if the arresting officer has knowledge and reasonably trustworthy information about facts and circumstances sufficient for a prudent person to believe the accused has committed an offense. *State v. Grant*, 257 Ga. 123, 125 (355 SE2d 646) (1987). Applying the facts to this standard we find there was probable cause to arrest the appellant without a warrant.

3. The appellant argues that his character was improperly placed into evidence.

During the course of the appellant's cross-examination of Pam Morgan, the appellant's attorney asked her how the appellant could be a threat to her if he was in jail for murder and armed robbery. She replied, "he's been in jail for murder before and he's out." The appel-

lant's attorney immediately objected and moved for a mistrial which was denied.

"What is forbidden is the *introduction by the state* in the first instance of evidence whose sole relevance to the crime charged is that it tends to show that the defendant has bad character." (Emphasis supplied.) *Frazier v. State*, 257 Ga. 690, 698 (362 SE2d 351) (1987). Here the answer was the natural response to the question asked by the appellant's attorney, and the state took no part in its introduction. Also, the trial judge gave the appropriate limiting instructions. There was no error.

4. The appellant contends the State committed prosecutorial misconduct by using contradictory theories against the appellant and co-defendants and by knowingly using perjured testimony.

a. There is no general legal prohibition against the State using contradictory theories against different defendants before different juries in separate criminal trials. However, a prosecutor is prohibited from knowingly instituting a criminal charge unsupported by probable cause, Code of Professional Responsibility, DR 7-103 (A) (252 Ga. 628), and it is the responsibility of a public prosecutor "to seek justice, not merely to convict." Code of Professional Responsibility, EC 7-13 (252 Ga. 620). The theories presented to the jury in this case were supported by probable cause, and there is no question that the prosecutor sought justice.

b. Our review of the record gives absolutely no indication that the prosecutor knowingly used perjured testimony.

5. The appellant enumerates as error the trial court's failure to charge the jury on the hazards of accomplice testimony under OCGA § 24-4-8. The appellant made no request to charge on this point. The appellant also argues that this error denied him his theory of defense. The appellant's sole defense was that the co-defendants committed the murders and lied about the appellant's involvement to protect themselves.

OCGA § 24-4-8 states that the uncorroborated testimony of a single accomplice is insufficient to authorize a felony conviction. This rule only applies where the sole witness in the case is an accomplice. More than one witness to this crime testified at trial. Thus, the rule is inapplicable and instructions on this point were not required. *Hall v. State*, 241 Ga. 252, 257 (244 SE2d 833) (1978). Futhermore, the jury was adequately charged on impeachment and the credibility of the witnesses. These charges adequately prepared the jury to consider the appellant's defense. There was no error.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 8, 1988 —
RECONSIDERATION DENIED SEPTEMBER 22, 1988.

Howard J. Manchel, for appellant.
Robert E. Wilson, District Attorney, Nelly F. Withers, Robert M. Coker, Assistant District Attorneys, Michael J. Bowers, Attorney General, Andrew S. Ree, for appellee.