A92A1016. MITCHELL v. THE STATE.
(426 SE2d 171)

Cooper, Judge.

Appellant was convicted of violating the Georgia Controlled Substances Act. He appeals from the judgment of conviction and sentence and the trial court's denial of his motion for new trial.

Viewed in a light to support the verdict, the evidence shows that while on burglary surveillance duty at 1:00 a.m. in the New Town area of Dalton, a police detective observed appellant and another man approach a car which had stopped at an intersection. The detective testified that he recognized appellant because he had known him for five or six years. Appellant leaned down, spoke to the driver of the car, Charles Smith, and passed an object to him. Smith then gave appellant money and drove off. The detective followed Smith for some distance and eventually turned on his blue light to stop Smith when he saw Smith throw a plastic bag out of the car window. The detective found the bag containing one "rock" of cocaine on the ground. Smith was arrested, and in a written statement, he admitted that he bought cocaine earlier in the morning in New Town from a person standing in the street and that he threw the cocaine out of the car window. Smith was shown photographs and identified appellant, although the evidence is in conflict as to whether Smith told the detective that appellant was the person from whom he purchased the cocaine. The detective then obtained an arrest warrant for appellant, returned to New Town, and arrested appellant.

1. In his first enumeration of error, appellant contends the evidence was insufficient to support the verdict. We disagree. Based on the foregoing, it appears the evidence was sufficient to enable a rational trier of fact to find appellant guilty of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant also contends that evidence of a prior conviction which was admitted at trial was not sufficiently similar to the offense for which he was tried. Evidence of independent crimes committed by a defendant is admissible if two conditions are met: " 'First, there

must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.]' " *State v. Johnson*, 246 Ga. 654, 655 (1) (272 SE2d 321) (1980). On the question of similarity, the trial court's findings will not be disturbed unless "clearly erroneous." *Banks v. State*, 201 Ga. App. 266, 268 (1) (410 SE2d 818) (1991); *Stephens v. State*, 261 Ga. 467, 469 (6), n. 2 (405 SE2d 483) (1991). The State presented the following evidence at trial: Nineteen months prior to the arrest in the instant case, another Dalton police detective received information from a confidential informant that appellant was in possession of cocaine in the New Town area, an area frequented by street level crack cocaine dealers. At approximately 10:00 p.m., the detective approached appellant in the general vicinity of his later arrest and observed appellant take a container out of his pocket and toss it to the ground. The container contained ten "rocks" of cocaine. Appellant was charged with possession of cocaine with intent to distribute and ultimately entered a guilty plea to possession of cocaine. The trial court found that both transactions occurred in the same area; that they took place at night on the street; and that they both involved rock or crack cocaine. Upon these findings, the prior conviction was admitted as a similar transaction. In our view, the findings are not clearly erroneous; therefore, the trial court did not err in admitting the evidence.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 22, 1992 —
RECONSIDERATION DENIED DECEMBER 9, 1992.

*J. Tracy Ward*, for appellant.

*Jack O. Partain III, District Attorney, Peter J. Garland II, Assistant District Attorney*, for appellee.