A93A1754. HYATT v. THE STATE.
(436 SE2d 540)

McMurray, Presiding Judge.

Defendant Hyatt appeals her conviction of the offenses of possession of marijuana and possession of marijuana with intent to distribute. *Held:*

1. The first enumeration of error complains of the denial of defendant's motion to suppress evidence. The marijuana was discovered by Federal Express employees who inspected two wooden crates shipped by the same individual from Texas to separate addresses in Georgia. Law enforcement officials were informed and controlled deliveries of the crates were accomplished. Defendant accepted delivery of one of the crates.

The Fourth Amendment did not apply due to the private character of the search of the crates. There was no evidence that the crates were opened through the intervention or direction of law enforcement officers. Various law enforcement agencies became involved only after the corporate employees discovered the contraband and called an agent of the Drug Enforcement Administration. The subsequent inspection of the contraband by law enforcement officers did not exceed the scope of the private search, therefore did not amount to a violation of the Fourth Amendment. *Hester v. State*, 187 Ga. App. 46, 47 (1) (369 SE2d 278); *Marks v. State*, 174 Ga. App. 711, 713 (1) (330 SE2d 900). This enumeration of error is without merit.

2. Next, defendant complains as to the admission of evidence concerning the second wooden crate and particularly the controlled delivery of that crate to another person at another address in Georgia, as well as the manner and method of the arrest accomplished in connection with that crate. Defendant argues that the second crate was never linked to her. However, it is well settled that all circumstances connected with an accused's arrest are admissible as evidence at trial even though they may incidentally place defendant's character in issue. *Tilley v. State*, 201 Ga. App. 360, 361 (2) (411 SE2d 100); *Merritt v. State*, 201 Ga. App. 150, 151 (3) (410 SE2d 349); *Blackshear v. State*, 199 Ga. App. 839, 840 (2) (406 SE2d 269). When transactions involving other crimes are so connected in time and event as to be a part of the same transaction as that for which accused is being tried, they are admissible. *Leonard v. State*, 197 Ga. App. 221, 222 (1) (398 SE2d 250); *Bostic v. State*, 183 Ga. App. 430, 431 (1) (359 SE2d 201).

3. In her final enumeration of error, defendant maintains that the prosecuting attorney was allowed to improperly comment on her invoking her rights under the Fifth Amendment. Defense counsel objected and moved for a mistrial on the basis of a question put to defendant during cross-examination. The trial court sustained the objection but denied the motion for mistrial, and then instructed the jury to disregard the question. Defendant did not renew her motion for mistrial following the instructions to the jury, therefore she failed to preserve this issue for appellate review. *Smith v. State*, 196 Ga. App. 758 (2) (396 SE2d 809); *Abner v. State*, 196 Ga. App. 752, 754 (2) (397 SE2d 36); *Bryant v. State*, 196 Ga. App. 132 (2) (395 SE2d 385).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED SEPTEMBER 30, 1993.

*Robert D. Pope*, for appellant.

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.