## A98A1370. FREEMAN v. THE STATE.
### (505 SE2d 836)

SMITH, Judge.

Carlos Raynald Freeman was charged by accusation with reckless driving and not wearing a seat belt. He was convicted of both charges after a bench trial. He now appeals from the judgment and sentence entered thereon, enumerating only the conviction for reckless driving.

Freeman contends the trial court erred in denying his motion to quash the accusation as invalid for failing to allege that Freeman was driving recklessly in disregard for the safety of persons or property. We find Freeman's contention completely without merit, and we affirm the judgment below.

We note briefly that although the gist of Freeman's contention is that the accusation omitted the essential element of disregard for the safety of persons or property, OCGA § 17-7-71 (c) provides that an accusation is sufficient *either* when it tracks the statutory language *or* when it is worded "so plainly that the nature of the offense charged may be easily understood" by the factfinder. This accusation charged Freeman with "unlawfully driv[ing] a motor vehicle on a public road in a reckless manner." This was so plain that the nature of the charged offense was easily understood.

More importantly, "[i]f the defendant, upon being arraigned, demurs to the indictment, . . . the demurrer . . . shall be made in writing." OCGA § 17-7-111. Freeman's motion to quash was neither timely nor made in writing, and it was therefore properly denied. Freeman denied his motion was a demurrer, informing the court that it was "an oral motion to quash, . . . which can be done anytime, even during trial." But our law is clear that "[r]egardless of how these motions are designated, such motions must be made in writing upon the defendant's being arraigned. [Cit.] Where such motions are not made at the proper time, they are deemed to have been waived. [Cits.]" *Bryant v. State*, 224 Ga. 235-236 (161 SE2d 312) (1968). Since it is undisputed that this motion was not made in writing and not raised at arraignment, the trial court did not err in denying the motion.

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 24, 1998.

*Patterson & Patterson, Jackie G. Patterson, Yasma Patterson*, for appellant.

*Louis J. Kirby, Solicitor*, for appellee.