A99A1008. ROBERTS v. THE STATE.
(526 SE2d 597)

BLACKBURN, Presiding Judge.

John W. Roberts appeals his conviction, following a jury trial, for possession of cocaine. Roberts contends that the trial court erred by allowing the admission of certain similar transaction evidence because: (1) the State failed to give him proper notice of the purpose for which the evidence would be used; (2) the trial court failed to make a determination of the purpose for which the evidence would be used; and (3) the evidence did not tend to prove the offense for which he was being tried. For the reasons set forth below, we affirm Roberts' conviction.

Construed in the light most favorable to the verdict, the record shows that Special Agent Branham, who was a passenger in a car

with two other police officers, witnessed Roberts standing with two other men outside a home in an area known for drug activity. As the police officers drove slowly down the street, Roberts began to approach their car, but after apparently recognizing its occupants, he stopped his approach and dropped an object on the ground. The officers then stopped the car, and Branham walked directly to the object, which turned out to be a baggie containing less than $10 worth of powdered cocaine. Roberts was then arrested and charged with possession of cocaine.

During the trial which ensued, the trial court admitted similar transaction evidence of a prior guilty plea of Roberts for the sale of cocaine. Special Agent Fetter testified that, on April 28, 1995, he was conducting undercover narcotics buys on the street in Valdosta. At that time, Roberts flagged Fetter's car down. When Fetter pulled over, Roberts offered to sell him approximately $20 worth of cocaine in his possession. It is the admission of this evidence that Roberts complains about in three enumerations of error.

1. Roberts first contends that the trial court erred by admitting the similar transaction evidence because the State failed to give him proper notice of the purpose for which the evidence would be used. Uniform Superior Court Rule 31.3, however, does not require the State to give the defendant such notice, and, indeed, we have held that the State need not set out the lawful purposes for which it intends to use similar transaction evidence in its notice of intent. For example, in *Hightower v. State*, 210 Ga. App. 386, 387 (2) (436 SE2d 28) (1993), we noted:

> The State's notice of intent does not state any limits on the lawful purposes for which [the similar transaction] evidence may be introduced. Accordingly, appellant was on notice that the scope of the hearing on the admissibility of similar transaction[ ] evidence could include *any* proper purpose.

Likewise, in this case, Roberts was on notice that the scope of his similar transaction hearing could include any proper purpose, and this enumeration of error lacks merit.

2. Roberts next contends that the trial court erred by admitting the similar transaction evidence because it failed to make a determination on the record of the purpose for which the evidence was being introduced. Roberts, however, failed to make any objection on this basis during the proceedings below, and "matters not objected to at trial cannot be raised for the first time on appeal." *Scott v. State*, 243 Ga. 233, 234-235 (2) (253 SE2d 698) (1979). Therefore, Roberts has waived his right to argue this matter before this Court, and we do not consider his second enumeration of error.

3. Finally, Roberts contends that the trial court erred by admitting the similar transaction evidence because it did not tend to prove the offense for which he was being tried. We cannot agree.

This Court should not disturb the findings of the trial court on the issue of similarity or connection of similar transaction evidence unless they are clearly erroneous. *Mitchell v. State*, 206 Ga. App. 672, 673 (2) (426 SE2d 171) (1992).

> The test of admissibility of evidence of other criminal acts by the defendant *is not the number of similarities between the two incidents*. Rather, such evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct.

(Citations and punctuation omitted; emphasis supplied.) *Hatcher v. State*, 224 Ga. App. 747, 752 (3) (482 SE2d 443) (1997).

Here, the defendant is on trial for possessing $10 worth of cocaine while standing near the roadway in a high crime area of Lowndes County. Prior to being arrested, Roberts began to approach the police car with the cocaine powder in his hand, although he dropped the contraband after he apparently recognized the occupants of the vehicle as patrolling officers. The State was allowed to introduce similar transaction evidence of a prior direct hand-to-hand sale of $20 worth of crack cocaine made from a street curb, where, as he did in this case, Roberts approached a car with the contraband in his possession. Although there are differences between these two offenses, it is the similarities and relevance on which we must focus. The same drug was possessed by the defendant in the same city, and, in both cases, the defendant approached a car with the contraband in his possession. As such, the two transactions are similar enough to warrant the admission of the former guilty plea into evidence.

The fact that the two crimes occurred on different streets does not change this result. Geographical location should not be considered as being ultimately decisive in drug sale cases. Moreover, the city in which the crimes took place, Valdosta, is not a sprawling metropolis, but a relatively small city, discounting the importance of any small amount of geographical distance between the sales. See *Evans v. State*, 235 Ga. App. 577 (510 SE2d 313) (1998). Further-

more, the fact that the prior crime included a sale of cocaine does not render it inadmissible, for

> [i]t is the factual similarity of the defendant's possession of drugs on different occasions which renders it admissible to show his identity, and the differing intent with which he may have possessed the drugs on those separate occasions is not a bar to its admissibility for that limited purpose.

(Punctuation omitted.) *Collins v. State*, 205 Ga. App. 341, 343 (2) (422 SE2d 56) (1992). Thus, we cannot say that the trial court abused its discretion by finding the prior guilty plea for the sale of cocaine sufficiently similar to Roberts' current charge and conviction for possession.

Moreover, contrary to the opinion of the dissent, the similar transaction evidence in this case does have substantial relevance to the issues presented to the jury.

> [I]t is clear in this case that based upon defendant's denial of the commission of the subject crime [possession of cocaine], a past conviction involving the [possession and sale of cocaine] would be most helpful to the jury, and therefore the State's need would have outweighed the prejudice to the defendant.

(Punctuation omitted.) *Hatcher*, supra at 751-752 (3).

Therefore, because the similar transaction evidence in this case was sufficiently similar to Roberts' current crime and had substantial relevance to the issues being tried, the trial court's finding that the similar transaction evidence should be admitted cannot be said to be clearly erroneous. As such, Roberts' conviction in this case should be affirmed.

*Judgment affirmed. Johnson, C. J., McMurray, P. J., Andrews, P. J., and Ellington, J., concur. Ruffin, J., concurs specially. Barnes, J., dissents.*

RUFFIN, Judge, concurring specially.

Although I agree with the dissent's analysis, I cannot agree with the result. As the dissent notes, evidence of similar transactions should not be admitted unless it is relevant to an issue involved in the case. Such evidence is not admissible simply to establish that a defendant has a criminal nature. Here, Roberts was charged with possession of cocaine. Because I fail to see how either identity or

state of mind were at issue with regard to this charge,[1] I believe that the trial court erred in admitting the evidence of the similar transaction.

But, I cannot agree that the error was harmful. Even if a trial court errs in admitting such evidence, "the error alone is not automatically grounds for a new trial but is subject to scrutiny for harmless error."[2] As the dissent recognizes, Roberts' identity was *not* at issue because the police saw him drop a plastic bag that contained cocaine. This compelling eyewitness testimony almost certainly would have resulted in Roberts' conviction even if the similar transaction evidence had not been admitted. I, therefore, fail to see how he was harmed by the admission of this evidence. Accordingly, I am constrained to agree with the result reached by the majority.

BARNES, Judge, dissenting.

As I cannot agree that the evidence concerning Roberts' earlier drug conviction was admitted properly, I must respectfully dissent.

In Georgia, "[t]he general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." OCGA § 24-2-2. The exception to the rule has come to mean that proof of independent and separate offenses is admissible when a logical connection exists between the separate offense and the offense for which the defendant is on trial, so that proof of the separate offense establishes the offense for which the defendant is on trial. *Williams v. State*, 261 Ga. 640, 641 (409 SE2d 649) (1991). Most commonly, evidence of similar transactions has been allowed to show identity, motive, plan, scheme, bent of mind, and course of conduct. *Williams v. State*, 257 Ga. 761, 763-764, n. 3 (a) (363 SE2d 535) (1988). Unfortunately, however, as the majority opinion in this appeal illustrates, the exception has swallowed the rule. See *Jones v. State*, 257 Ga. 753, 757 (363 SE2d 529) (1988), tracing the rule's development.

Although never a basis asserted for admissibility by the prosecution or found so by the trial court, the majority now finds that this evidence was admissible because Roberts denied that he committed the offense for which he was on trial, and therefore his past conviction "would be most helpful to the jury." The difficulty with this analysis is that it is exactly the reason that similar transaction evidence is supposed to be inadmissible. See *Williams v. State*, supra, 261 Ga. at 641.

---

[1] Had Roberts been charged with attempting to sell cocaine, his state of mind would be relevant.

[2] (Punctuation omitted.) *Buice v. State*, 239 Ga. App. 52, 57 (3) (520 SE2d 258) (1999).

This "he did it once, he must have done it again reasoning" in fact allows introduction of this evidence solely to show the defendant has a criminal character. That being the case, the evidence is inadmissible. *Johnson v. State*, 258 Ga. 506, 507 (3) (371 SE2d 396) (1988). Further, in *Stephens v. State*, 261 Ga. 467, 469 (405 SE2d 483) (1991), our Supreme Court reiterated that a similar transaction is not admissible just because it concerned "a crime of the same sort."

Further, the majority's theory of admissibility violates the principle that similar transaction evidence "may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character." (Punctuation omitted.) *Hatcher v. State*, 224 Ga. App. 747, 752 (3) (482 SE2d 443) (1997), quoting from *Faison v. State*, 199 Ga. App. 447, 448-449 (1) (405 SE2d 227) (1991).

We should not abandon the rule that the purpose for which similar transaction evidence is offered must logically connect to some issue in the case being tried, *Stephens v. State*, supra, 261 Ga. at 469 (6), and the rule that proof of a similar transaction is not admissible unless it is relevant to an issue connected to the offense for which the defendant is on trial, so that proof of the separate offense proves the offense for which the accused is on trial. *Williams v. State*, supra, 261 Ga. at 641 (2) (a). The purpose for which similar transaction evidence is offered determines whether a logical connection exists, i.e., whether the similar transaction evidence is relevant to an issue in the case. *Brockman v. State*, 263 Ga. 637, 640 (3) (436 SE2d 316) (1993).

In this case, the similar transaction evidence is not admissible under the traditional rules. Although the State now asserts that the similar transaction evidence was admitted to show Roberts' identity as the person who possessed the cocaine found by Officer Branham and his "course of conduct and scheme or plan to possess cocaine," this explanation is not entirely consistent with the trial court's instructions to the jury on the purposes for which the evidence could be considered.

The trial court's limiting instruction, given before the similar transaction evidence was introduced, directed the jury that evidence of Roberts' other offense "may be admissible and *may be considered for the limited purpose of showing, if it does, the identity of the perpetrator, the state of mind, i.e., knowledge or intent of a defendant in the crimes charged in the case now on trial.*" (Emphasis supplied.) Later in the limiting instruction the trial court also instructed the jury that "you are strictly limited in your consideration of the evidence as to the *identity, state of mind* or other elements charged in this indictment." (Emphasis supplied.)

In its jury charge, however, the trial court instructed the jury

the evidence might be considered to show the *"defendant's identity or state of mind* on the subject involved, if you think it does so illustrate it, and for that purpose alone. You are not to consider it for any other purpose." (Emphasis supplied.)

Reading these instructions in combination, I must conclude that the *only* purposes for which the trial court found this evidence admissible were to prove Roberts' identity and state of mind. Considered in that light, the similar transaction evidence should not have been admitted.

The only issue in this case was whether the jury would believe, based upon the police officer's testimony, that Roberts dropped the plastic bag with the cocaine inside. The reasons found by the trial court for admitting the similar crimes evidence, i.e., identity or state of mind, do not connect logically to issues in this case. The officer's direct testimony proved who allegedly dropped the ziplock bag. This was not a case in which the identity of the alleged perpetrator was unknown and similar transaction evidence was admitted to prove the perpetrator's identity. In the same manner, Roberts' state of mind was not an issue in the case.

Moreover, even if I were to find that identity and state of mind were issues in the case, I do not find the two transactions sufficiently similar to permit the first conviction to be admitted. According to the State, the similarities between the crimes were that Roberts possessed cocaine and approached vehicles in both cases. I acknowledge that admissibility of a similar transaction does not depend on the number of similarities between the prior act and the crime charged, but these two similarities must support the trial court's decision to admit this evidence, because admissibility depends on whether the similarities tend to show that the former act is relevant to a proper issue in the case. *Johnson v. State*, 236 Ga. App. 252, 254 (1) (a) (511 SE2d 603) (1999).

The required degree of similarity depends upon the issue the former act is offered to prove. *Maggard v. State*, 259 Ga. 291, 293 (2) (380 SE2d 259) (1990). When, as in this case, the similar crime is offered to prove identity, a long list of similarities between the offenses might be necessary to prove the defendant's "criminal signature." Id. When introduced to prove another permissible issue, such as motive, intent, or bent of mind, a lesser degree of similarity might suffice. *Fields v. State*, 223 Ga. App. 569, 571 (2) (479 SE2d 393) (1996).

I cannot agree that the circumstances surrounding Roberts' prior drug conviction are sufficiently similar to prove any of the issues or purposes identified by the State. Nothing about the other offense showed that Roberts had such an unusual manner of possessing cocaine that he had a "criminal signature." Indeed, the first offense

showed a different manner of possessing a different form of cocaine. Likewise, the alleged "approach" similarity is insufficient to show identity or state of mind. Flagging a vehicle down is a far cry from merely walking in the general direction of a car that happens to be driving past.

In the same manner, nothing about the first offense shows Roberts' state of mind regarding the offense for which he was being tried. Roberts' defense was that he did not have and did not drop the cocaine; he did not contend that he did not have the requisite state of mind, i.e., that he was entrapped or unknowingly possessed the cocaine.

Therefore I am satisfied that the trial court erred by allowing the State to introduce the similar transaction evidence. Because I cannot conclude under the circumstances of this case that the introduction of this evidence was harmless, I would reverse the judgment of conviction and remand the case for a fair trial. *Beasley v. State*, 204 Ga. App. 214, 218 (3) (419 SE2d 92) (1992).

Accordingly, I respectfully dissent.

DECIDED DECEMBER 3, 1999.

*Closson & Bass, J. Michael Bass*, for appellant.
John W. Roberts, *pro se.*
*J. David Miller, District Attorney, James B. Threlkeld, Assistant District Attorney*, for appellee.