## A00A0313. TANNER v. THE STATE.
### (533 SE2d 794)

BLACKBURN, Presiding Judge.
Following a jury trial, Marvin Tanner appeals his conviction of violating the Georgia Controlled Substances Act for possession of

---

cocaine. Tanner contends that the trial court erred by admitting evidence of his arrest for loitering in an area known for drug activity and by admitting evidence of similar transactions. We find that both the circumstances of Tanner's arrest and the similar transaction evidence were properly admitted, and we affirm.

"On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and [Tanner] no longer enjoys a presumption of innocence." (Punctuation omitted.) *Eason v. State*, 234 Ga. App. 595, 596 (1) (507 SE2d 175) (1998). So viewed, the evidence at trial shows that Tanner and two others were arrested for loitering in an area known for unlawful drug use and trafficking. During the book-in procedure, Tanner was asked to place his hands on the wall so an officer could search him. When Tanner removed his hands from his pockets, the arresting officer saw a rock of cocaine fall out of Tanner's left pocket. Tanner was then placed under arrest for possession of cocaine. Ultimately, Tanner was not charged with the loitering offense.

1. Prior to trial, Tanner moved to suppress the evidence that he was arrested for loitering in an area known for illegal drug activity in violation of a county ordinance, contending that the evidence was irrelevant and improperly placed his character at issue. The trial court properly denied the motion.

On appeal from the grant or denial of a motion to suppress or motion in limine,

> "an appellate court must adopt the trial court's findings of fact unless they are clearly erroneous and not supported by any evidence admitted at the suppression hearing." *State v. David*, 269 Ga. 533, 535 (1) (501 SE2d 494) (1998). However, "where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

*State v. Burks*, 240 Ga. App. 425 (523 SE2d 648) (1999). At the pretrial hearing on the motion, the trial court determined that the circumstances which led to Tanner being at the jail were admissible as part of the res gestae of the arrest for the possession charge, and we agree.

> It is well settled that all circumstances connected with the accused's arrest are admissible, even though they incidentally put his character in issue. *McClung v. State*, 206 Ga. 421, 423 (1) (57 SE2d 559) (1950); *Louis v. State*, 230 Ga.

App. 897 (497 SE2d 824) (1998); *Hyatt v. State,* 210 Ga. App. 425 (436 SE2d 540) (1993); *Blackshear v. State,* 199 Ga. App. 839 (406 SE2d 269) (1991); *Jimerson v. State,* 163 Ga. App. 54 (1) (293 SE2d 513) (1982).

*Reynolds v. State,* 234 Ga. App. 884, 886-887 (2) (508 SE2d 674) (1998). The trial court did not err by admitting this evidence.

2. Tanner contends the trial court erred by allowing the State to introduce similar transaction evidence because the prior offenses were not sufficiently similar, so that proof of the prior offenses did not prove anything about the possession charge. "On the question of similarity, the trial court's findings will not be disturbed unless 'clearly erroneous.'" *Mitchell v. State,* 206 Ga. App. 672, 673 (2) (426 SE2d 171) (1992).

At trial, the State was allowed to introduce evidence that Tanner had pled guilty in 1989 to three counts of selling cocaine in violation of the Georgia Controlled Substances Act. Officer Barrion testified that while working as an undercover agent for the Gwinnett County Sheriff's Department, he had purchased some "rocks" of cocaine from Tanner at a public housing apartment complex in Lawrenceville.

We have held that:

> "[t]he test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct."

*Evans v. State,* 235 Ga. App. 577, 580-581 (3) (510 SE2d 313) (1998). Tanner was on trial for possession of cocaine. The State was allowed to introduce evidence of Tanner's sale of cocaine ten years previous for the purpose of showing bent of mind and course of conduct. Although there are differences between the prior sales and the possession, we focus on the factual similarities of the transactions. *Evans,* supra. In the prior offenses, Tanner pled guilty to selling rocks of cocaine from an apartment in a housing project known to have drug trafficking activity. In the charged offense, Tanner possessed a rock of cocaine shortly after having visited a low-income res-

idential area known for unlawful drug use and trafficking. While the offenses occurred ten years apart, the lapse of time is but one factor in considering admissibility of similar transaction evidence. It is not determinative and does not automatically invalidate the similarity between the events. *Mullins v. State*, 269 Ga. 157 (2) (496 SE2d 252) (1998). For other cases where an extensive period of time had elapsed between the offenses, see id. (lapse of 17 years); *Anderson v. State*, 238 Ga. App. 866 (7) (519 SE2d 463) (1999) (lapse of 12 and 22 years); *Condra v. State*, 238 Ga. App. 174 (2) (518 SE2d 186) (1999) (lapse of 21 years); *Gilham v. State*, 232 Ga. App. 237 (1) (501 SE2d 586) (1998) (lapse of nine or ten years). Moreover, Tanner failed to object on the grounds that the incident was too remote in time. See *Parrish v. State*, 237 Ga. App. 274 (4) (514 SE2d 458) (1999). We cannot say that the trial court's finding that the earlier transactions were sufficiently similar was clearly erroneous.

Furthermore, the prior guilty plea to the sale of cocaine is relevant in this case where Tanner's defense turned on his credibility. Tanner testified at trial, denying that the cocaine fell from his pocket and denying that the cocaine was his.

> It is clear in this case that based upon defendant's denial of the commission of the subject crime (possession of crack cocaine), a past conviction involving the sale of crack cocaine would be most helpful to the jury, and therefore the State's need would have outweighed the prejudice to the defendant.

(Punctuation omitted.) *Evans*, supra at 581; *Hatcher v. State*, 224 Ga. App. 747, 751-752 (3) (482 SE2d 443) (1997).

Moreover, assuming without deciding that the trial court did err in admitting the similar transaction evidence, such error was not harmful in light of the eyewitness testimony by the police officer who saw the cocaine fall out of Tanner's pocket. "[T]he error alone 'is not automatically grounds for a new trial but is subject to scrutiny for harmless error.'" *Buice v. State*, 239 Ga. App. 52, 57 (3) (520 SE2d 258) (1999); see *Brooks v. State*, 232 Ga. App. 115, 116 (4) (501 SE2d 286) (1998) (applying the harmless error rule to admission of similar transaction evidence). The trial court did not err.

*Judgment affirmed. Eldridge, J., concurs. Barnes, J., concurs fully and specially.*

BARNES, Judge, concurring specially.

Although I have some appreciation for Tanner's argument on similar transaction evidence (see my dissent in *Roberts v. State*, 241 Ga. App. 259, 263 (526 SE2d 597) (1999)), in *Roberts*, the majority held that similar transaction evidence may be admitted if the defend-

ant denies commission of the subject crime because an earlier conviction of a somewhat similar crime "would be most helpful to the jury, and therefore the State's need would have outweighed the prejudice to the defendant." Id. at 262. Therefore, as long as a defendant denies commission of the subject crime, evidence of a similar transaction is admissible if it would be helpful to the State regardless of whether the similar transaction evidence is connected logically to an actual issue in the subject case. Based upon this binding, whole court precedent, I am constrained to concur fully in the majority opinion.

DECIDED APRIL 17, 2000.

*Sharon L. Hopkins,* for appellant.
*Daniel J. Porter, District Attorney, Rodney K. Miles, Assistant District Attorney,* for appellee.