## A09A0337. WARE v. THE STATE.
### (677 SE2d 423)

MIKELL, Judge.

A Troup County jury convicted John Ware of possession of cocaine, OCGA § 16-13-30 (a), and the trial court sentenced him to 20 years, including 15 in confinement. Ware appeals from the order denying his motion for a new trial, arguing that the trial court erred in admitting similar transaction evidence. Ware also raises the general grounds. We affirm.

1. In his second enumeration of error, Ware contends that the evidence was insufficient to support the verdict. We disagree.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, we must uphold the jury's verdict.[1]

Properly viewed, the evidence adduced at trial reveals that on August 14, 2006, Brent Storey, a drug investigator with the La-Grange Police Department, responded to a call about the theft of a lawn mower. The victim told Storey that Ware, who lived nearby, was the only person who knew where the mower was kept. Storey determined that Ware had an outstanding warrant for a felony probation violation, and Storey summoned Corporal Greg Sivers for assistance because he knew Ware. The officers hid themselves near Ware's house and conducted surveillance. After ten or fifteen minutes, a vehicle pulled up and Ware exited the passenger side. The officers commanded Ware to come to them. Before Ware obeyed, he walked to a truck that was parked at the back of the house and made a throwing motion with his hands. After handcuffing Ware, the officers walked to the truck and saw three rocks of crack cocaine

---

[1] (Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

lying on the ground. Although it had been raining heavily that day, and the ground was saturated, the cocaine was dry. According to Storey, crack cocaine is very absorbent and will "turn[ ] to mush" if it sits on wet ground for a few minutes. The three rocks were dry, clean, and hard.

Ware argues that the evidence does not support his conviction for cocaine possession because it shows nothing more than his spatial proximity to the contraband. We disagree. "Possession of cocaine may be joint or exclusive, actual or constructive. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it."[2] In the case at bar, the evidence was sufficient to support a finding that Ware had actual possession of the cocaine. After observing Ware make a throwing motion with his hands, the officers immediately proceeded to the location where he had been standing and retrieved the cocaine from the ground. Although the ground was saturated with water, the cocaine was dry and hard. No other person had been present in the vicinity of the cocaine during the time the officers had the area under surveillance. Accordingly, the evidence, both direct and circumstantial, was sufficient to support the jury's finding of guilt beyond a reasonable doubt.[3]

2. In his first enumeration of error, Ware contends that the trial court erred in admitting his prior conviction of selling cocaine as similar transaction evidence because the prior offense was not sufficiently similar to the charged offense. We disagree.

The evidence adduced at the pretrial hearing held pursuant to Uniform Superior Court Rule 31.3 (B) shows that on three occasions in May and June 2003, an undercover officer in LaGrange bought cocaine from a man known as "Big Daddy." The man was later identified as Ware. He pleaded guilty to selling cocaine. The state also introduced evidence that on December 4, 1996, a LaGrange police officer was on patrol in an area known for drug trafficking when he saw Ware throw a crack pipe on the ground. The pipe contained cocaine residue, and Ware pleaded guilty to possession of cocaine as a result. Ware's counsel conceded the similarity of the possession conviction but argued that the conviction for selling cocaine had no probative value. The trial court ruled that the

---

[2] (Punctuation and footnotes omitted.) *Thomas v. State*, 291 Ga. App. 795, 796-797 (1) (662 SE2d 849) (2008).

[3] See *Thomas*, supra (evidence was sufficient to show that the defendant actually possessed the cocaine when police saw him toss a plastic bag, which contained crack cocaine, into the kitchen); *Hall v. State*, 192 Ga. App. 151 (1) (384 SE2d 428) (1989) (evidence was sufficient to show that the defendant actually possessed the contraband when he threw a bag containing contraband under a porch, and the bag was immediately retrieved from that location).

transaction was admissible to show Ware's bent of mind and intent.

Before similar transaction evidence can be introduced, the state must make three affirmative showings: First, the state must identify a proper purpose for admitting the transaction; second, the state must show that the accused committed the independent offense; and third, the state must show a sufficient similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter.[4] The trial court's decision to admit evidence of a similar transaction will be upheld unless clearly erroneous.[5]

> In order to be admissible, the transactions involved need not be absolutely identical. The test is not the number of similarities, but the evidence is admissible if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct.[6]

"When considering the admissibility of similar transaction evidence, the proper focus is on the similarities, not the differences, between the separate crime and the crime in question."[7] Moreover, where, as here, similar transaction evidence is admitted to show intent and bent of mind, a lesser degree of similarity is required than when such evidence is introduced to prove identity.[8] In this regard, we have previously held that a conviction for selling cocaine is admissible in a possession case, subject to proof of similarity.[9]

> [T]he fact that the prior crime included a sale of cocaine does not render it inadmissible, for it is the factual similarity of the defendant's possession of drugs on different

---

[4] *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[5] *Payne v. State*, 285 Ga. 137, 138 (674 SE2d 298) (2009); *Tanner v. State*, 243 Ga. App. 640, 642 (2) (533 SE2d 794) (2000) ("[o]n the question of similarity, the trial court's findings will not be disturbed unless clearly erroneous") (citation and punctuation omitted).

[6] (Citations and punctuation omitted.) *Barker v. State*, 226 Ga. App. 747, 748-749 (3) (487 SE2d 494) (1997).

[7] (Citation omitted.) *Payne*, supra.

[8] *Smith v. State*, 273 Ga. 356, 357 (2) (541 SE2d 362) (2001).

[9] See, e.g., *Tanner*, supra at 642-643 (2); *Roberts v. State*, 241 Ga. App. 259 (526 SE2d 597) (1999) (whole court).

occasions which renders it admissible to show his [bent of mind], and the differing intent with which he may have possessed the drugs on those separate occasions is not a bar to its admissibility for that limited purpose.[10]

We reach the same result in the case at bar. In the prior offense and the charged offense, Ware possessed cocaine on different occasions in the same city, LaGrange. Moreover, the area of LaGrange in which two of the cocaine sales took place in 2003, Arthur Street, was within "two blocks" of the area where the possession offense occurred in 2006. The evidence shows that the third sale took place on Chattahoochee Street, which was in "the same . . . immediate area."[11] Given the similarities in the offenses, we cannot say that the trial court's decision to admit the similar transaction evidence was clearly erroneous.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED APRIL 8, 2009.

*Jon C. Rhoades*, for appellant.
*Peter J. Skandalakis, District Attorney, William D. Hocutt, Assistant District Attorney*, for appellee.

---

[10] (Citation omitted.) Id. at 262 (3). Accord *Collins v. State*, 205 Ga. App. 341, 343 (2) (422 SE2d 56) (1992).

[11] The evidence required at the pretrial hearing pursuant to Uniform Superior Court Rule 31.3 (B) is a proffer. When more detailed evidence is admitted at trial, that evidence lends more support to the trial judge's tentative ruling at the Rule 31.3 (B) hearing.