**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 19, 2012**

# In the Court of Appeals of Georgia

A12A1581. SANDIFER v. THE STATE.

BRANCH, Judge.

Following a jury trial, Darryl Lamar Sandifer was convicted on five counts of aggravated child molestation,[1] four counts of child molestation,[2] and two counts of enticing a child for indecent purposes.[3] He now appeals the denial of his motion for a new trial, asserting that the court below erred in: (1) refusing to allow his sister to remain in the courtroom for the testimony of Sandifer's two victims; and (2) allowing the State to introduce similar transaction evidence, even though its notice regarding

---

[1] OCGA § 16-6-4 (c).

[2] OCGA § 16-6-4 (a).

[3] OCGA § 16-6-5 (a).

those similar transactions failed to specify the exact purpose for which that evidence would be introduced. We find no error and affirm.

1. Viewed in the light most favorable to the verdict,[4] the record shows that Sandifer repeatedly molested two young boys over an approximately two year period. The boys were between the ages of six and ten when the abuse occurred, and they were aged nine and eleven at the time of Sandifer's trial. At the request of the State and pursuant to OCGA § 17-8-54[5], the trial court cleared the courtroom of spectators, other than the immediate family members of each of the victims, during the victims' testimony. Among the spectators required to leave was Sandifer's sister, with whom he resided. When the judge asked defense counsel if he had any objection to clearing the courtroom, Sandifer's lawyer responded: "No, Your honor. My client brings a good point up. The other people that are being excluded [from the courtroom] are his family." The judge responded: "Yeah. I know that, but that doesn't change the fact [that they need to leave.]" Sandifer now contends that the trial court's refusal to allow

---

[4] *Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007).

[5] That statute provides: "In the trial of any criminal case, when any person under the age of 16 is testifying concerning any sex offense, the court shall clear the courtroom of all persons except parties to the cause and their immediate families or guardians, attorneys and their secretaries, officers of the court, jurors, newspaper reporters or broadcasters, and court reporters."

his sister to remain in the courtroom during the victims' testimony violated both his constitutional right to a public trial and OCGA § 17-8-54. We find no reversible error.

As an initial matter, it appears that Sandifer has waived this claim of error. Specifically, when asked by the court if Sandifer objected to removing all spectators other than the victims' families from the courtroom defense counsel responded, "No." Although the lawyer went on to point out that Sandifer's family members were among those being excluded, he did not state any objection based on either Sandifer's constitutional right to a public trial or the relevant statute. Sandifer therefore waived his right to argue these grounds as reversible error. *Craven v. State*, 292 Ga. App. 592, 593-594 (1) (b) (664 SE2d 921) (2008) (in child molestation case, defendant waived his claim that court below violated his right to a public trial by excluding his family from court during the testimony of the victim, where he failed to raise that claim until after the victim had testified); *Hunt v. State*, 268 Ga. App. 568, 571 (1) (602 SE2d 312) (2004) (defendant in child molestation case waived his claim that trial court erred in removing his family from courtroom during victim's testimony, where he failed to object at trial).

Moreover, even assuming that Sandifer did preserve this objection, the trial court's decision to remove Sandifer's sister from the courtroom does not constitute

3

reversible error. While the exclusion of Sandifer's sister violated OCGA § 17-8-54, Sandifer has failed to show how this error harmed him. Although Sandifer argues that such prejudice resulted from the creation of "an environment more favorable to the child witnesses," he does not argue that this allegedly more favorable environment somehow bolstered the victims' credibility. Furthermore, his assertion of prejudice ignores the fact that the victims' trial testimony was not the only evidence supporting his conviction. Other evidence presented against Sandifer included video tapes of the forensic interviews of the victims, and the testimony of the forensic interviewers, the investigating officer, and the nurse practitioner who conducted the forensic exams of the victims. The jury also heard the testimony of the victims' mothers, to whom each boy made his initial outcry, as well as testimony concerning similar transactions. In light of this evidence, we cannot say that Sandifer was prejudiced by the fact that the trial court may have made it easier for the young victims to testify by removing all spectators, other than their immediate family members, from the courtroom. See *Driggers v. State*, 295 Ga. App. 711, 716-717 (3) (673 SE2d 95) (2009); *Craven*, 292 Ga. App. at 595 (1) (b).

2. Prior to trial, the State filed a notice pursuant to Uniform Superior Court Rule 31.3 announcing its intent to introduce evidence of similar transactions.[6] The notice listed the similar transactions as "child molestation" that occurred during the years 1991-1993 at the address where Sandifer had lived with a former girlfriend. The witnesses listed with respect to these similar transactions included three daughters of the former girlfriend who, between 1991 and 1993, were all under the age of 12. The trial court held a hearing at which it received testimony concerning Sandifer's molestation of these three girls. Following that testimony, the State argued that the prior incidents of child molestation should be admitted to show Sandifer's bent of mind and course of conduct. The trial court agreed and admitted the similar transaction testimony for those limited purposes.

On appeal, Sandifer argues that the trial court erred in admitting the similar transaction testimony, because the State's Rule 31.3 notice failed to specify the purpose for which the State sought to use that evidence. Despite Sandifer's arguments

---

[6] That rule provides, in relevant part, that the State's notice of its intent to present evidence of similar transactions "shall be in writing, served upon the defendant's counsel, and shall state the transaction, date, county, and the name(s) of the victim(s) for each similar transaction or occurrence sought to be introduced. Copies of accusations or indictments, if any, and guilty pleas or verdicts, if any, shall be attached to the notice." U. S. C. R. 31.3 (B).

5

to the contrary, however, the State is not required, in its notice of intent, to inform the defendant of the purpose for which it seeks to introduce similar transaction evidence. Although our cases have noted that the better practice is for the State to include such information, (see *Rodriguez v. State*, 211 Ga. App. 256, 258 (4) (a) (439 SE2d 510) (1993)), neither the plain language of Uniform Superior Court Rule 31.3 (B) nor the decisions of this Court requires the inclusion of that information. See *Roberts v. State*, 241 Ga. App. 259, 260 (1) (526 SE2d 597) (1999); *Hightower v. State*, 210 Ga. App. 386, 387 (2) (436 SE2d 28) (1993).

*Judgment affirmed. Miller, P. J., and Ray, J., concur.*