## A92A1269. LAWAL v. THE STATE.
(424 SE2d 36)

CARLEY, Presiding Judge.

After a bench trial, appellant was found guilty of misdemeanor theft by shoplifting. In *Lawal v. State*, 201 Ga. App. 797, 798 (2) (412 SE2d 864) (1991), we vacated appellant's conviction and remanded the case "to the trial court for an evidentiary hearing on the question of whether he made a knowing and intelligent waiver of his right to trial by jury." Thereafter, the trial court conducted the evidentiary hearing and entered an order finding "that [appellant], being cognizant of [his] right [to a jury trial], nonetheless intelligently elected to have a non-jury trial. [Appellant] personally made a knowing and intelligent waiver of his right to a trial by jury. See *Pahnke v. The State*, [203 Ga. App. 88 (416 SE2d 324) (1992)]." In the instant case, appellant appeals from the reinstated judgment of conviction and sentence for misdemeanor theft by shoplifting.

1. A transcript of the hearing which resulted in the issuance of the trial court's order has not been provided on appeal.

"[N]o facts stated in the [order] show on their face that it was incorrect, and we have no way of knowing what other evidence was presented. The presumption is that the trial judge faithfully performed the duties devolving upon him. An appeal with enumerations of error dependent upon consideration of evidence heard by the trial court will, absent a transcript, be affirmed. [Cit.]" *Russell v. State*, 155 Ga. App. 555, 556 (3) (271 SE2d 689) (1980). It follows, therefore, that the judgment in the instant case must be affirmed. In the absence of a transcript, it is presumed that the evidence authorized a finding that appellant "elected to have a non-jury trial. [Appellant] personally made a knowing and intelligent waiver of his right to a jury trial." *Pahnke v. State*, supra at 90.

2. In the prior appeal, we held that, "[i]n the event the trial court determines from the evidence adduced at [the] hearing that the appellant did make . . . a [knowing and intelligent] waiver [of his right to trial by jury], then the conviction and sentence may be reinstated, in which event the appellant shall be entitled to file a new appeal directed *to this issue and this issue alone.*" (Emphasis supplied.) *Lawal v. State*, supra at 798 (2). Accordingly, we will not consider remaining issues, which do not relate to appellant's waiver of his right to trial by jury.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED OCTOBER 6, 1992 —
RECONSIDERATION DENIED OCTOBER 16, 1992 —

*Dorothy W. Coprich*, for appellant.

*Keith C. Martin, Solicitor, Jackie N. Stanton, Assistant Solicitor,* for appellee.