A93A1532. HIGHTOWER v. THE STATE.
(436 SE2d 28)

BIRDSONG, Presiding Judge.

Andrew Lee Hightower was tried before a jury and found guilty of possession of cocaine with intent to distribute. He appeals from the judgment of conviction and sentence. In three related enumerations, he assigns error to the introduction in evidence of the circumstances of his prior conviction for the sale or distribution of cocaine. *Held*:

1. The State gave timely written notice of its intent to offer evidence of similar transactions and, pursuant to Uniform Superior

Court Rule 31.3 (B), a pretrial hearing was held on the admissibility of that evidence. In compliance with procedures established by *Williams v. State*, 261 Ga. 640, 642 (2b) (409 SE2d 649), the trial court made findings of fact on the record that appellant's prior conviction for distributing cocaine was substantially relevant for a proper purpose, and that the probative value of that prior conviction outweighed its prejudicial impact. See *Evans v. State*, 209 Ga. App. 606, 607 (2) (434 SE2d 148). Although appellant urges that the State failed to make any affirmative showing authorizing these findings, the record contains no transcript of the Rule 31.3 (B) hearing. " 'No facts stated in the (order) show on their face that it was incorrect, and we have no way of knowing what other evidence was presented. The presumption is that the trial [court] faithfully performed the duties devolving upon [it]. An appeal with enumerations of error dependent upon consideration of evidence heard by the trial court will, absent a transcript, be affirmed. (Cit.)' [Cit.]" *Lawal v. State*, 205 Ga. App. 842 (1) (424 SE2d 36). Accordingly, the trial court's *pretrial* determination that appellant's previous conviction was admissible is not clearly erroneous.

Appellant further argues that the State failed to establish *at trial* the "similarity or [logical] connection between that independent offense and the crime charged." *Williams v. State*, supra at 643 (2c). This contention is without merit. In addition to the certified copy of appellant's conviction, the State presented testimony of the undercover agent who, two months prior to trial, had purchased crack cocaine from appellant in Albany, Georgia. This evidence was relevant to the issue of appellant's specific criminal intent to distribute cocaine. Compare *Ramirez v. State*, 205 Ga. App. 217 (2) (422 SE2d 3).

2. Likewise without merit is appellant's unsupported assertion that the trial court expanded the scope of the Rule 31.3 (B) hearing to encompass purposes for which such similar transactions evidence might lawfully be introduced but which purposes were not proffered by the State. The State's notice of intent does not state any limits on the lawful purposes for which such evidence may be introduced. Accordingly, appellant was on notice that the scope of the hearing on the admissibility of similar transactions evidence could include *any* proper purpose.

3. Appellant's previous conviction was determined to be relevant to show a course of conduct and criminal intent. The trial court gave a jury charge limiting the purposes for which the jury might consider appellant's previous conviction. The identity of the perpetrator was included as a proper purpose, even though the trial court's pretrial order named only course of conduct showing intent as the sole proper purpose for the admission of the prior conviction. This jury instruction is enumerated as error.

Where an independent offense bears on the question of the identity of the perpetrator, it may be properly admitted as an exception to the general rule of inadmissibility. *Williams v. State,* supra at 642 (2b), fn. 2. It has long been the rule that where the trial court's charge as a whole is an accurate statement of the law, it is generally not a good ground for a new trial that the charge includes a statement, one portion of which is applicable and one portion of which is inapplicable or not adjusted to the facts. *Eagle & Phenix Mills v. Herron,* 119 Ga. 389, 393 (3) (46 SE 405). See also *Kennedy v. State,* 205 Ga. App. 152, 155-156 (5a) (421 SE2d 560). However, " ' "[t]he instructions . . . in a criminal trial should be tailored to the indictment and adjusted to the evidence admitted in court. (Cits.) Any instruction should stand upon a base founded in the evidence or the lack thereof. 'It is also the general rule that instructions even though abstractly correct (as in the instant case), should not be given unless authorized by the evidence . . . and when such an unauthorized instruction is given, if it should be confusing or misleading to a jury, a new trial will be required.' (Cits.)" . . . Where the inapplicable instruction authorizes the jury to reach a finding of guilty by a theory not supported by the evidence of record, we cannot say as a matter of law that the charge was neither confusing nor misleading. (Cit.)' [Cit.]" *Joiner v. State,* 163 Ga. App. 521, 523 (5) (295 SE2d 219).

Here, appellant was expressly named in a warrant authorizing the search of a tavern he allegedly helped to run. His identity as the person named in that search warrant was not at issue. Appellant's identity as the seller in the independent offense was established by the direct testimony of the undercover agent who had purchased crack cocaine from him. Accordingly, the inclusion of identity as a proper purpose, although not authorized by the trial court's ruling after the Rule 31.3 (B) hearing, would not be erroneous due to any absence of evidence to support the charge. This charge did not mislead the jury to reach a verdict of guilt premised on a theory unsupported by the evidence. Compare *Anderson v. State,* 262 Ga. 26, 27 (1c) (413 SE2d 732). Any error here was clearly harmless. " ' "Instructions which, when the jury is given credit for ordinary intelligence, are not confusing and prejudicial, are not reversible error." (Cit.)' [Cit.]" *Yearwood v. State,* 198 Ga. App. 389, 390 (3) (401 SE2d 558). We will not impute an inability on the part of the jury to identify that portion of the limiting instruction which was obviously applicable to the facts and issues presented. *Rowles v. State,* 143 Ga. App. 553, 557 (3) (239 SE2d 164). The trial court did not commit reversible error in this case by including identity as a proper purpose in its limiting instruction to the jury.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

Decided September 3, 1993 —
Reconsideration dismissed September 24, 1993.

*Knight & Marlowe, Johnny W. Knight, Terry J. Marlowe*, for appellant.
*Britt R. Priddy, District Attorney*, for appellee.