A95A1258. RICE v. THE STATE.
(458 SE2d 368)

BLACKBURN, Judge.

Christopher Allen Rice appeals his conviction by a jury of burglary, possession of a firearm during the commission of a felony, two counts of armed robbery, and two counts of kidnapping. On appeal, Rice contends the trial court erred in permitting the introduction of evidence regarding a similar transaction and erred in instructing the jury regarding the purpose of the similar transaction evidence. Because the evidence was properly admitted and the jury instruction was not harmful, we affirm the trial court.

1. The proper admission of similar transaction evidence requires that the State make three affirmative showings: (1) that the evidence is sought for a proper purpose; (2) that sufficient evidence exists to establish that the accused committed the similar transaction; and (3) that sufficient connection exists between the similar transaction and the crime charged "so that proof of the former tends to prove the latter. [Cit.]" *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991).

During the Rule 31.3 (B) hearing, the State contended the similar transaction evidence was admissible to prove identity, plan, scheme, and bent of mind. The State explained that Rice allegedly robbed an elderly couple at gunpoint while they were unloading their luggage

from their car and putting it in their hotel room. Rice forced his way into the hotel room and put the female victim in the bathroom. As the male victim came into the hotel room with more luggage, Rice forced him to empty his pockets and sit on the floor between the beds. Rice told the victims, "Don't look at me." Rice searched the female victim's purse and took money and a credit card. Rice was wearing a dark-colored jacket with the word "Officer" imprinted on the back.

During the commission of the similar transaction, Rice wore a baseball hat with a Coastal Correctional Institute insignia. Again, the victims were elderly and were in the process of unloading their luggage from their car to their hotel room. Rice, holding a knife in each hand, told the victims not to look at him. He placed the male victim's wheelchair to face a wall. Rice took money and credit cards from the female victim's purse. The police happened to be at the scene and attempted to apprehend Rice, but were unable to do so. However, the police did recover Rice's car at the scene and picked him up at a later time near his residence.

The State asserts that the similar transaction evidence was logically related to the present case to show identity, plan, scheme, and bent of mind. With regard to the second element, the State contends the evidence sufficiently established that Rice committed the similar transaction because his car was recovered at the scene, the victim picked him out of a photo spread, and the police officer who confronted him at the scene also picked him out of a photo spread. Finally, the State argues that the similarities between the two crimes establish that proof of the defendant's identity in the second burglary tends to prove his identity in the burglary charged in the present case.

Although Rice argues that the two crimes contain distinct and important differences, the law does not require exact factual circumstances. "There is *no* requirement that, to come within the other transaction exception, the other transaction must be *identical* in every respect. The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. . . . [I]t should also be emphasized that before such evidence is admissible, it must be shown that the evidence's relevancy to the issues at trial outweighs the inherent prejudice it creates." (Citations and punctuation omitted.) *Cantrell v. State,* 210 Ga. App. 218, 220 (435 SE2d 737) (1993).

In the present case, the State was concerned with proving the perpetrator's identity because only one of the victims positively iden-

tified the defendant as the perpetrator. Therefore, the evidence was particularly relevant to the issues in this case. As the State met its burden, contained in *Williams*, supra, we find that the trial court's findings were not clearly erroneous, and that it did not err in allowing the introduction of the similar transaction evidence.

2. Rice contends the trial court erred in charging the jury that it could consider the similar transaction evidence as relevant to his state of mind and intent at the time of the incident which formed the basis of the present charges against him. Rice argues that similar transaction evidence is admissible to prove the defendant's intent, motive, or state of mind only when the charged acts would be legal in the absence of those elements. See OCGA § 24-2-2; *Thomas v. State*, 239 Ga. 734, 736-737 (5) (238 SE2d 888) (1977); *Larkins v. State*, 230 Ga. 418, 420-421 (2) (197 SE2d 367) (1973). We agree.

After the 31.3 (B) hearing on the admissibility of similar transaction evidence, the trial court ruled that the evidence was admissible to establish identity, plan, scheme, or bent of mind. Before the introduction of similar transaction evidence, the trial court instructed the jury that their consideration of this evidence was strictly limited for the purpose of identity and state of mind of the defendant. Rice made no objection to this instruction. At the close of evidence, the trial court further charged the jury regarding similar transaction evidence: "Ordinarily, such evidence may not be used because it brings the defendant's character into question, which is not a valid criteria for you to use in deciding his innocence or guilt; however, the law provides that evidence of other offenses which may have been committed by this defendant that are similar in terms of common design, scheme, plan, course of conduct, motive, or other factors connected to the offense for which the defendant is now on trial, may be admissible and may be considered by you for the limited purpose of showing, if it does, the identity of the perpetrator and his state of mind, meaning his knowledge or intent, regarding the crimes charged in this case you are now trying. Such evidence, if any, may not be considered by you for any other purpose." The defense counsel then reserved objections to the court's charge.

"It has long been the rule that where the trial court's charge as a whole is an accurate statement of the law, it is generally not a good ground for a new trial that the charge includes a statement, one portion of which is applicable and one portion of which is inapplicable or not adjusted to the facts. However, the instructions in a criminal trial should be tailored to the indictment and adjusted to the evidence admitted in court. Any instruction should stand upon a base founded in the evidence or the lack thereof." (Citations and punctuation omitted.) *Hightower v. State*, 210 Ga. App. 386, 388 (436 SE2d 28) (1993).

In the present case, the similar transaction evidence was properly

admitted for the purpose of identity. The trial court's inclusion of intent as a proper purpose, although erroneous, was clearly harmless. "We will not impute an inability on the part of the jury to identify that portion of the limiting instruction which was obviously applicable to the facts and issues presented. *Rowles v. State*, 143 Ga. App. 553, 557 (3) (239 SE2d 164)." *Hightower*, supra at 388. See also *Peterson v. State*, 212 Ga. App. 147, 150 (441 SE2d 481) (1994).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 18, 1995.

*M. Ross Becton, Jr.*, for appellant.
*Spencer Lawton, Jr., District Attorney*, for appellee.