A99A1960. STROBHERT v. THE STATE.
(526 SE2d 863)

ANDREWS, Presiding Judge.

Alan Strobhert appeals from the judgment entered after a jury found him guilty of driving left of center and obstruction of a law enforcement officer. Strobhert claims the trial court's charge to the jury was misleading and authorized the jury to find him guilty of obstructing an officer on a theory not supported by the evidence. We agree and reverse.

This case arose when Officer Kelmer, of the Forsyth County Sheriff's Department, was returning home around midnight after working a security shift at a hospital. Just before Kelmer reached the entrance to the trailer park where he lived, a car coming from the opposite direction made a U-turn in front of him and, after turning, drove down the wrong side of the road. The car then turned into Kelmer's trailer park, went to the end of the road and turned around. After driving a short distance the car stopped.

By this time, Kelmer had backed into his parking space, and when the car stopped, Kelmer's lights were shining on the car and the driver appeared to have blood and vomit on him. Kelmer, who was wearing his sheriff's jacket, identified himself as a sheriff's deputy and told the man in the car, later identified as Strobhert, that he needed to "see [his] hands." Kelmer said that Strobhert showed him his hands, but then put them down, put the car in drive and drove off, knocking Kelmer down. Strobhert ran his car into a dumpster, hitting Kelmer's truck door in the process. Kelmer again went over to the car and tried to handcuff Strobhert. Strobhert resisted, and Kelmer was able to get the handcuffs around only one wrist before Strobhert ran away.

Strobhert ran to the door of one of the nearby trailers, and Henry Arnold, who lived there, said Strobhert told him that someone had tried to take his car and he needed help. Strobhert wanted to call

some friends, but Arnold saw a handcuff dangling from Strobhert's wrist and told Strobhert he was calling the police. At that point, Officer Kelmer, who had gone to call for backup, saw Strobhert on Arnold's porch, pointed a gun at him and told him to "get on the ground." Strobhert complied, but when Kelmer tried to handcuff him, Strobhert again started struggling. Kelmer said he was continually identifying himself as an officer; nevertheless, Strobhert kept saying "Why are you doing this to me?" At that point, Arnold came to help Kelmer, and shortly after that, other officers arrived. After Strobhert was arrested, he agreed to blood, breath and urine tests, all of which came back negative for drugs and alcohol.

Strobhert was charged with driving left of center, aggravated assault and obstruction of an officer. The jury acquitted him of aggravated assault and convicted him of the other two charges. This appeal followed.

1. During deliberations, the jury sent out a note asking, "Could we please have a clarification of the term 'offering violence' in Official Code of Georgia Annotated Section 16-10-24 (a)."[1] The trial court initially responded to the question by instructing the jury that the term had no specific legal definition. The court also said, "Words or terms used in statutes which do not have a specific legal definition should be considered by the jury as words or terms having their common ordinary dictionary definition."

A short while later, the jury requested a dictionary, and the court refused that request. The jury then sent out a note with another question, "Does resisting arrest in itself constitute obstruction of justice?"

At that point, the judge had the jury brought back in and, before responding to the question, told the jury that he was going to charge them further in regard to their last question requesting clarification of the term "offering violence." The court then stated:

> In that regard, I charge you that verbal threats of force or violence can obstruct an officer and authorize a conviction under OCGA Section 16-10-24. Communications that reasonably can be interpreted as threats of violence can constitute opposition to an officer's authority sufficient to support a conviction for obstruction.

---

[1] The jury meant to cite to OCGA § 16-10-24 (b), which states:
Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer, prison guard, correctional officer, probation supervisor, parole supervisor, or conservation ranger in the lawful discharge of his official duties by offering or doing violence to the person of such officer or legally authorized person is guilty of a felony and shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years.

The court then re-charged the jury on OCGA § 16-10-24 (b). Defense counsel objected to this response, arguing there was no evidence of verbal threats. We agree.

> The instructions in a criminal trial should be tailored to the indictment and adjusted to the evidence admitted in court. Any instruction should stand upon a base founded in the evidence or the lack thereof. It is also the general rule that instructions[,] even though abstractly correct . . . , should not be given unless authorized by the evidence . . . and when such an unauthorized instruction is given, if it should be confusing or misleading to a jury, a new trial will be required. . . . Where the inapplicable instruction authorizes the jury to reach a finding of guilty by a theory not supported by the evidence of record, we cannot say as a matter of law that the charge was neither confusing nor misleading.

(Citations and punctuation omitted.) *Hightower v. State*, 210 Ga. App. 386, 388 (436 SE2d 28) (1993).

Here, a review of the trial transcript shows no evidence that Strobhert ever verbally threatened Officer Kelmer. The only testimony on this issue was Officer Kelmer's and Henry Arnold's. Kelmer said Strobhert kept repeating: "You're stealing my car"; "You're trying to beat me up"; and "I need to see your ID." Arnold said Strobhert was saying, "What did I do? What do you want me for? . . . Leave me alone." Therefore, the court's response to the jury's question could have allowed the jury to find Strobhert guilty of a crime under a theory totally unsupported by the evidence. *Joiner v. State*, 163 Ga. App. 521, 523 (295 SE2d 219) (1982).

Moreover, this is not a case in which the charge as a whole is correct, containing a portion which is applicable and one portion which is inapplicable or not adjusted to the facts. *Rice v. State*, 217 Ga. App. 456, 458 (458 SE2d 368) (1995). The only definition given in response to the request for a definition of "offering violence" as it is used in OCGA § 16-10-24 concerned verbal threats. Therefore, we cannot say that the re-charge did not mislead or confuse the jury. *Joiner*, supra.

2. Because of our holding in Division 1 above, we do not address the remaining enumerations of error.

*Judgment reversed and case remanded. Ruffin and Ellington, JJ., concur.*

DECIDED DECEMBER 8, 1999.

*Whitmer & Law, George H. Law III*, for appellant.

*Philip C. Smith, District Attorney, Jeffrey W. Frazier, Assistant District Attorney*, for appellee.