### A09A1343. YARNELL v. THE STATE.
(685 SE2d 337)

DOYLE, Judge.

Following a bench trial, Jason Yarnell appeals his conviction of third degree cruelty to children,[1] contending that the evidence was insufficient to support the verdict because there was no proof that he was the primary aggressor. Because the evidence authorized a finding to the contrary, we affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*,[2] and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict.[3]

So viewed, the evidence shows that police responding to a domestic violence call arrived at the residence to find Yarnell and his wife both sweating, disheveled, and exhibiting scratch marks from a physical altercation. An officer observed that the living room, kitchen, bedroom, and bathroom were "pretty much a war zone," with the mattress off of the bed and household items scattered across the floor in each room. Yarnell explained to the officer that his wife had provoked him by threatening to withhold contact with their

---

[1] OCGA § 16-5-70 (d).

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] (Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

four-month-old son, whom Yarnell was holding when the officers arrived. Yarnell admitted to the officer that he had grabbed his son from his wife, and in response to his wife's slaps and kicks, he slapped and kicked her, and he dragged her to the ground by pulling her hair. He then armed himself with a baseball bat and smashed the countertop while yelling at his wife. He also squirted dishwasher detergent onto his wife. Yarnell was estimated to be 6'2" and 225 pounds, while his wife was estimated to be 5'7" and 128 pounds. The child was present during the entire altercation.

Based on this evidence, the trial court found Yarnell guilty of third degree cruelty to children. After unsuccessfully moving for a new trial, Yarnell filed this appeal.

In his sole enumeration, Yarnell argues that the evidence was insufficient with respect to the primary aggressor element of the offense. OCGA § 16-5-70 (d) (1) provides that "[a]ny person commits the offense of cruelty to children in the third degree when: (1) Such person, who is the primary aggressor, intentionally allows a child under the age of 18 to witness the commission of a forcible felony, battery, or family violence battery."

Here, the evidence showed that Yarnell, who weighed 100 pounds more than his wife, admitted to the following acts against his wife: slapping her, kicking her, dragging her down to the floor by her hair, pouring dish detergent on her, and threatening her with a baseball bat. There was evidence that Yarnell's wife slapped and kicked him, but Yarnell himself stated that at least one blow by his wife might have been accidental on her part. The wife showed the responding officer clumps of hair that Yarnell had pulled from her head in the process of dragging her down. In light of the record before us, we hold that the evidence sufficed to authorize the trial court to find that Yarnell was the primary aggressor. Yarnell's argument that he was provoked and merely defending himself was a question of credibility and justification for resolution by the fact-finder.[4] Accordingly, based on the evidence in the record, we discern no error.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED OCTOBER 2, 2009 —
RECONSIDERATION DENIED OCTOBER 26, 2009.

---

[4] See *Roper v. State*, 281 Ga. 878, 880 (1) (644 SE2d 120) (2007); *Jones v. State*, 294 Ga. App. 564, 566 (1) (669 SE2d 505) (2008) (affirming jury's rejection of mutual combat defense because appellate court does "not speculate as to which evidence the jury chose to believe. The credibility of witnesses and the weight to be given their testimony are questions for the trier of fact, and we do not determine or question how the jury resolved any conflicts in the evidence.").

*Jonathan D. Aurelia*, for appellant.

*Rosanna M. Szabo, Solicitor-General, Gary S. Vey, Assistant Solicitor-General*, for appellee.