## A11A2387. DEAN v. THE STATE.

(722 SE2d 436)

McFADDEN, Judge.

Derrick V. Dean appeals his conviction of aggravated battery. Dean argues that the evidence does not support his conviction, that the trial court erred in instructing the jury and that he received the ineffective assistance of trial counsel. Although we find that the evidence was sufficient to support the conviction, we conclude that the trial court erred in instructing the jury and that the error was not harmless. Therefore, we reverse Dean's conviction. We accordingly do not reach Dean's claim of ineffective assistance of trial counsel.

1. Dean argues that the evidence is insufficient to support his aggravated battery conviction. "On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict." (Punctuation omitted.) *Goss v. State*, 305 Ga. App. 497 (699 SE2d 819) (2010).

> We neither weigh the evidence nor assess the credibility of witnesses, but merely ascertain [whether] the evidence is sufficient to prove each element of the crime beyond a reasonable doubt. Moreover, conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld.

*Vaughn v. State*, 301 Ga. App. 391 (687 SE2d 651) (2009).

Viewed in this light, the evidence shows that at the time of the incident, Cynthia Belton and Dean were friends who lived together. Belton asked Dean to straighten up a closet and to leave the apartment. Dean approached Belton while she was washing in the bathroom and hit her "on [her] right side with a belt." That made Belton angry, so she retrieved a stick they kept under the bed for protection, intending to use it to chase Dean out of the apartment. Dean walked away toward the kitchen, but Belton followed him, yelling at him and threatening him with the stick. Dean grabbed the stick from Belton, so she picked up her cane and hit Dean on his hand. Dean then hit Belton on the left hand with the stick. Thereafter, she could not hold anything in her left hand.

A week later, Belton went to the emergency room. A physician's assistant from the emergency room testified that Belton's arm was fractured near the hand. Pursuant to hospital protocol, hospital employees called the police. Belton spoke with a police officer, who

signed warrants for Dean's arrest. Dean was arrested two days later.

Temika Dean, Dean's niece and a friend of Belton, saw Dean on the day of the incident. Dean's hand and arm were swollen and discolored, and there was a knot on his hand. A certified nursing assistant from the jail testified that Dean had a small knot on the top of his hand but that an x-ray showed that he had no broken bones.

The aggravated battery statute provides that "[a] person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another . . . by rendering a member of . . . her body useless. . . ." OCGA § 16-5-24 (a). The evidence authorized the jury to find that Dean caused bodily harm to Belton by rendering her left hand useless by fracturing her arm near the hand. This evidence is sufficient to support Dean's conviction for aggravated battery. See *Ganas v. State*, 245 Ga. App. 645, 646-647 (1) (b) (537 SE2d 758) (2000).

2. Dean argues that the trial court erred by giving a jury instruction requested by the state. The court charged the jury:

> Whenever law enforcement responds to an incident in which an act of family violence has been committed, the officer shall not base a decision of whether to arrest and charge a person on specific consent of the victim or on a request by the victim solely or on consideration of the relationship of the parties. No other officer investigating an incident of family violence shall threaten, suggest or otherwise indicate the arrest of all parties for the purpose of discouraging requests for law enforcement intervention.
>
> Where complaints of family violence are received from two or more opposing parties, the officer shall evaluate each complaint separately to attempt to determine who was the primary aggressor. If the officer determines one of these parties was the primary physical aggressor, the officer shall not be required to arrest any other person believed to have committed an act of family violence during the incident.
>
> In determining whether a person is the primary physical aggressor, an officer shall consider prior family violence involving either party; the relative severity of the injuries inflicted on each person; the potential for future injury; and whether or not one of the parties acted in self-defense.

The charge was based on OCGA § 17-4-20.1 (a) and (b). The state requested the charge to respond to Dean's cross-examination of Belton, specifically when counsel asked her if she were being prosecuted for hitting Dean with her cane.

Dean argues that the charge was erroneous because it invaded

the province of the jury and was not based on the evidence. The charge, he argues, implied that the police had conducted an investigation that led to a determination that Dean was the primary aggressor when there was no evidence of an investigation or such determination.

"[J]ury charges must be tailored to the evidence presented in the case." (Citation omitted.) *Swain v. State*, 251 Ga. App. 110, 115 (2) (552 SE2d 880) (2001). Further,

> instructions, even though abstractly correct, should not be given unless authorized by the evidence and when such an unauthorized instruction is given, if it should be confusing or misleading to a jury, a new trial will be required. Where the inapplicable instruction authorizes the jury to reach a finding of guilty by a theory not supported by the evidence of record, we cannot say as a matter of law that the charge was neither confusing nor misleading.

(Citation and punctuation omitted.) *Strobhert v. State*, 241 Ga. App. 354, 356 (1) (526 SE2d 863) (1999).

We agree that the charge was not based on the evidence. The state presented no evidence that Dean made a report about the incident, so the portion of the charge discussing "complaints of family violence . . . from two or more opposing parties" is not supported. More importantly, the state did not present any evidence that any law enforcement officer made a determination that Dean was the primary aggressor. Although the officer who took Belton's report at the hospital testified at trial, he did not give any testimony about determining who was the primary aggressor.

We cannot say that is "highly probable that the error did not contribute to the judgment." (Punctuation omitted.) *Hammond v. State*, 289 Ga. 142, 144 (2) (710 SE2d 124) (2011). Dean's defense was that he acted in self-defense. Belton admitted that she hit Dean with her cane, and two witnesses testified about his injury. And, pursuant to Dean's request, the court charged the jury on self-defense. But the court also charged the jury that a person is not justified in using force if that person was the aggressor. See OCGA § 16-3-21 (b) (3). Whether a party is the primary aggressor or "merely defending himself [is] a question of credibility and justification for resolution by the factfinder." *Yarnell v. State*, 300 Ga. App. 591, 592 (685 SE2d 337) (2009). The erroneous jury instruction could have misled the jury to conclude that the police officer did not arrest Belton because he had determined that Dean was the primary aggressor, thereby undermining Dean's claim of self-defense. This instruction was not authorized by the evidence, could have misled

the jury, and, consequently, "a new trial [is] required." *Strobhert*, 241 Ga. App. at 356 (1). Because the evidence was sufficient to support the conviction, the state may retry Dean. *Williamson v. State*, 300 Ga. App. 538 (685 SE2d 784) (2009).

3. In light of our reversal of Dean's conviction, we do not reach his claim of ineffective assistance of trial counsel.

*Judgment reversed. Phipps, P. J., and Andrews, J., concur.*

DECIDED JANUARY 26, 2012.

*Jonathan P. Waters*, for appellant.

*Howard Z. Simms, District Attorney, Pamela White-Colbert, John A. Regan, Gregory W. Winters, Assistant District Attorneys*, for appellee.