## 45014. WILLIAMS v. THE STATE.
### (364 SE2d 569)

SMITH, Justice.

The appellant, Reginald Williams, was found guilty of felony murder and sentenced to life imprisonment. We affirm.[1]

During the early morning hours of November 11, 1985, the appellant and his three companions drove to a Howard Johnson Motor Lodge in Chatham County. The victim was working as the night auditor at the hotel. He was accompanied by his twelve-year-old son who was sleeping on a couch in the lobby.

The appellant and his companions entered the lobby. One companion grabbed the son and covered his mouth, and the other approached the victim and hit him in the face at least twice. $259 was removed from the cash register, and the appellant instructed the victim at gunpoint to open the safe. The victim managed to remove his .22 caliber weapon from the ankle holster he was wearing. The appellant fired two fatal shots, and the victim also managed to fire a shot that hit the appellant.

The appellant was taken to the hospital for treatment of the gunshot wound. He initially told police officers at the hospital that he was shot leaving Sam Bower's Lounge. In a subsequent statement he admitted that money was taken from the hotel and that he had shot the victim. At trial he testified that he lost consciousness when he was shot and did not recall shooting the victim.

1. The appellant argues that his statement, which was introduced into evidence, was not freely and voluntarily given because he was under the influence of codeine, a narcotic, and that his statement had been taken after he had requested counsel. "Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal." *Berry v. State*, 254 Ga. 101, 104 (326 SE2d 748) (1985). The transcript of the *Jackson v. Denno* hearing indicates that the trial court's ruling was not clearly erroneous.

2. The appellant alleges that the trial court erred in denying his claim under *Batson v. Kentucky*, 476 U. S. __ (106 SC 1712, 90 LE2d 69) (1986), concerning the prosecutor's use of his peremptory challenges to excuse seven black jurors from the panel.

Contrary to the appellant's claim, there appears to be no prima facie case of racial discrimination. The appellant failed to establish,

---

[1] The crime was committed on November 11, 1985. The Chatham County jury returned its verdict of guilty on February 20, 1987. A motion for new trial was filed on March 4, 1987 and amended on May 29, 1987. The motion was heard and denied on June 23, 1987. Notice of Appeal was filed on July 13, 1987. The transcript of evidence was filed on August 14, 1987. The record was docketed in this court on August 31, 1987. The case was submitted on October 16, 1987.

from all of the relevant circumstances, facts necessary to make a prima facie case. *Mincey v. State*, 257 Ga. 500, 503 (360 SE2d 578) (1987). Among other things, the record indicates the jury consisted of seven blacks, five whites, and two black alternates. Thus, a primary condition for a valid *Batson* claim, namely, the establishment of a prima facie case, has not been met. *Batson*, 106 SC at 1723.

3. The appellant contends that the trial court erred in denying his motion to suppress the bullet, which was taken from him by means of surgery, as the fruit of an illegal search and seizure.

The trial court found that the bullet was removed by employees of the hospital, and pursuant to the hospital's policy, the bullet was turned over to the police. "[T]he protection afforded by the Fourth Amendment proscribes only governmental action and is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the government or with the participation of a government official. *United States v. Jacobsen*, [466] U. S. [109] (104 SC [1652,] 80 LE2d 85, 94) [(1984)]." *Marks v. State*, 174 Ga. App. 711, 715 (331 SE2d 900) (1985). The uncontradicted testimony of the police was that they never instructed or requested, either directly or indirectly, that the bullet be removed from the appellant. The trial court correctly denied the motion to suppress.

4. The appellant contends that the trial court erred by commenting as to his guilt and by giving a confusing and misleading charge to the jury in violation of OCGA § 17-8-57.

"OCGA § 17-8-57 is only violated when the court's charge assumes certain things as facts and intimates to the jury what the judge believes the evidence to be. [Cits.]" *Mullinax v. State*, 255 Ga. 442, 445 (339 SE2d 704) (1986). Taking the charge as a whole, the trial judge's instructions were not confusing or misleading, nor did his reference to a defendant in the abstract make the jury assume certain facts to be true. Id. at 445.

5. The appellant asserts that the trial court erred in allowing witnesses to testify as to alleged blood samples taken from the defendant. He argues that the state failed to show a proper chain of custody while being examined by the police.

Numerous witnesses testified as to the identity and integrity of the blood samples throughout the examination process. Nothing in this record raises a suspicion that the blood tested was other than that taken from the appellant. *Cunningham v. State*, 255 Ga. 35, 38 (334 SE2d 656) (1985).

6. The appellant alleges that the trial court erred in allowing a witness to read a document to the jury and not requiring the witness to refresh his memory and testify from his memory.

OCGA § 24-9-69 permits a witness to use a document to refresh his memory but requires the witness to testify from his memory. The

trial judge specifically instructed the witness on this matter. The trial judge asked the witness if his memory had been refreshed, and the witness responded affirmatively and continued his testimony. There was no error.

7. Reviewing the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found the defendant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 5, 1988.

*Jackson & Schiavone, Michael G. Schiavone,* for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General,* for appellee.