### A08A1124. HITCHCOCK v. THE STATE.
(662 SE2d 155)

BLACKBURN, Presiding Judge.

Following a jury trial, Christopher Lee Hitchcock appeals his conviction for trafficking in marijuana, challenging the sufficiency of the evidence and arguing that the trial court erred in denying his motion to suppress evidence that resulted from a package search by a United Parcel Service ("UPS") employee. We hold that the evidence not only sustained the conviction but also supported the trial court's finding that the UPS employee was not acting as an agent of the government when he conducted his search. Accordingly, we affirm.

1. When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of

---

innocence. *Short v. State*.[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*.[2]

So viewed, the evidence shows that a UPS employee responsible for security at a local distribution center in DeKalb County suspected that a large package (shipped from California) contained contraband, based on his recollection that the named addressee (at the Gwinnett County address to which the package was to be delivered) had recently received numerous shipments from another California shipper that had been the subject of a prior investigation. Pursuant to a UPS policy allowing UPS to inspect and open any package shipped through UPS, the UPS employee opened the package and discovered a large amount of suspected marijuana contained therein. He alerted police and delivered the package to them, who similarly opened the package and confirmed that the package contained marijuana.

With the assistance of the UPS employee, police conducted a controlled delivery of the re-sealed package to the Gwinnett County address, which was a mail drop facility at which individuals rented mailboxes. Following the delivery, police informed the facility's manager of the package's contents and asked that he handle the package as normal but with a hidden officer observing. As per the arrangement with the owner of the mailbox to whom the package was addressed, the facility manager phoned the owner, who was Hitchcock (and whose name and mailbox number were listed as the addressee on the package), and alerted him to their receipt of a large package that would not fit inside his rented mailbox; within 30 minutes, Hitchcock appeared at the facility and took possession of the package from the manager. When the manager inquired as to the package's contents, Hitchcock replied that it contained Christmas presents. He carried the package to his pickup truck outside and, upon placing it in the bed of his truck, was immediately arrested by nearby officers. At the police station, Hitchcock watched as an officer began to open the package; before the package was opened or any of its contents were visible, Hitchcock exclaimed, "That's not mine."

In addition to this evidence, an expert at trial identified the package's contents as 36.6 pounds of marijuana. A jury found Hitchcock guilty of trafficking in marijuana under OCGA § 16-13-31 (c), which defines trafficking as knowingly possessing over ten

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

pounds of marijuana. On appeal, Hitchcock claims that no evidence showed he knew what was in the opaque package.

Circumstantial evidence may show the knowledge needed for a criminal conviction. *Perkins v. State*.[3] "In considering whether circumstantial evidence is sufficient to prove a defendant's guilt beyond a reasonable doubt, the trier of fact is authorized to consider the totality of the evidence." Id. at 419. Here, Hitchcock, who could see on the external address label from whence the large package came, took possession of the package addressed to him at his rented mailbox and told the facility manager that the package contained Christmas presents. However, just before the package was opened at the police station and its contents revealed, he suddenly reversed field and claimed that the package was not his, showing his guilty knowledge of its illegal contents. The evidence sufficed to sustain the verdict. See id. at 416-419. Compare *Sandoval v. State*[4] (evidence insufficient where absent defendant did not receive package of drugs delivered to his residence addressed to someone else); *Luke v. State*[5] (no evidence that son who signed for package addressed to his father knew of package's contents; evidence against son insufficient).

2. Contending that the UPS employee violated his Fourth Amendment rights by searching the package without a search warrant, Hitchcock argues that the trial court erred in denying his motion to suppress the contraband.

> The protection afforded by the Fourth Amendment pro-
> scribes only governmental action and is wholly inapplicable
> to a search or seizure, even an unreasonable one, effected by
> a private individual not acting as an agent of the govern-
> ment or with the participation of a government official.

(Punctuation omitted.) *Williams v. State*.[6] See *Morton v. State*[7] ("[a]lthough the Fourth Amendment protects individuals from un-reasonable searches and seizures conducted by governmental au-thority, its protections do not extend to private individuals who conduct even unreasonable searches and seizures"); *Hyatt v. State*[8] ("The Fourth Amendment did not apply due to the private character of the search of the crates.").

Hitchcock argues that the UPS employee was acting on behalf of

---

[3] *Perkins v. State*, 244 Ga. App. 412, 416-419 (535 SE2d 802) (2000).

[4] *Sandoval v. State*, 260 Ga. App. 61, 65-66 (4) (579 SE2d 75) (2003).

[5] *Luke v. State*, 230 Ga. App. 712, 714-715 (3) (497 SE2d 376) (1998), vacated in part on other grounds, 236 Ga. App. 543 (512 SE2d 39) (1999).

[6] *Williams v. State*, 257 Ga. 788, 789 (3) (364 SE2d 569) (1988).

[7] *Morton v. State*, 181 Ga. App. 781, 783-784 (2) (353 SE2d 852) (1987).

[8] *Hyatt v. State*, 210 Ga. App. 425 (1) (436 SE2d 540) (1993).

governmental authorities since his initial suspicions as to this addressee of UPS packages arose when law enforcement officials had asked for his assistance in an earlier investigation that involved a shipper who (the UPS employee later determined) was sending numerous packages to Hitchcock at his rented mailbox. This argument fails.

"The test is whether the private individual, in light of all the circumstances of the case, must be regarded as having acted as an 'instrument' or agent of the government when he produced the evidence." (Punctuation omitted.) *Marks v. State*.[9] The trial court should focus on whether the package at issue was "opened through the intervention or direction of law enforcement officers," or whether instead "law enforcement agencies became involved only after the corporate employee[ ] discovered the contraband and called" police. *Hyatt*, supra, 210 Ga. App. at 425 (1). Where the private employee engages in a search "on his own volition, clearly outside of the behest of any governmental agent[, his actions are] based solely on his own suspicions" and are outside the reach of the Fourth Amendment. *Morton*, supra, 181 Ga. App. at 783-784 (2). "The additional invasion of the privacy of the defendant's package by the government agent is permissible as long as it does not exceed the scope of the private search. . . ." *Marks*, supra, 174 Ga. App. at 715 (1).

Here, we review the relevant evidence on this issue under the following standard.

> When ruling on a motion to suppress, the trial court sits as the trier of facts, and its findings regarding them are not disturbed on appeal if there is any evidence to support them; the trial court's decisions with regard to questions of fact and credibility must be accepted unless clearly erroneous, and a reviewing court construes the evidence most favorably to the trial court's findings.

*Whitmore v. State*.[10]

So construed, the evidence shows that while involved with law enforcement authorities in an earlier investigation of another package, the UPS security employee here *on his own initiative* alertly took note of the California shipper's identity and, following the investigation, conducted a search of UPS records *on his own initiative* to determine if that shipper was sending UPS packages to any particular addresses in this employee's jurisdiction. Noticing that

---

[9]  *Marks v. State*, 174 Ga. App. 711, 714 (1) (330 SE2d 900) (1985).
[10]  *Whitmore v. State*, 289 Ga. App. 107 (657 SE2d 1) (2008).

Hitchcock at his Gwinnett County address had received numerous shipments from this shipper, the UPS employee decided to keep an eye out for any suspicious packages that might be going to this address. When he came across such a package, he exercised his initiative to open and inspect that package, and then contacted law enforcement authorities, who similarly opened and inspected the package.

The UPS employee expressly and repeatedly testified that no governmental authority had requested that he conduct an investigation of packages addressed to Hitchcock or his address, or that he open and inspect the particular package in question. See *Williams*, supra, 257 Ga. at 789 (3) (no Fourth Amendment violation where police "never instructed or requested, either directly or indirectly, that" private employee search for or seize particular evidence). Rather, this employee — commendably — was simply acting alertly and taking initiative in conscientiously fulfilling his security duties for his employer. Such actions should be applauded, not condemned. Ample evidence supported the trial court's finding that this employee was acting without participation from a government official. See *Hobbs v. State*.[11]

The trial court did not err in denying Hitchcock's motion to suppress.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED APRIL 21, 2008 —
RECONSIDERATION DENIED MAY 9, 2008 ▮▮▮▮▮▮▮

*Peevy & Lancaster, Donn M. Peevy*, for appellant.
*Daniel J. Porter, District Attorney, Mya Whitmore-Hinton, Assistant District Attorney*, for appellee.

---

[11] *Hobbs v. State*, 272 Ga. App. 148, 149-150 (1) (611 SE2d 775) (2005).