## A10A1630. ALEXANDER v. THE STATE.
(708 SE2d 583)

SMITH, Presiding Judge.

Matthew Alexander appeals from his conviction for trafficking in marijuana. He asserts that insufficient circumstantial evidence supports his conviction, that the trial court erred in its charge, and that he received ineffective assistance of counsel. Because the State destroyed evidence introduced during Alexander's trial, we must reverse.

1. Alexander contends that the State presented insufficient circumstantial evidence that he knew a package that he picked up at a vacant house contained marijuana. In his notice of appeal, he requested that the entire record be transmitted to this court for our review of the sufficiency of the evidence. The record before us, however, contains only a photocopy of State's Exhibit 1, a DVD recording of the statement Alexander gave to police after his arrest. This DVD recording was admitted into evidence and played twice during Alexander's trial, but it was not transcribed. Alexander testified and was cross-examined about this statement, counsel for both parties argued about the import of this recording in closing argument (exculpatory versus inculpatory), and the trial court granted the jury's request to hear it again for a third time during its deliberations.

On March 7, 2011, this court ordered the clerk of the trial court to transmit Exhibit 1 to this court. On March 11, the Gwinnett County District Attorney's office sent the following letter to this court by facsimile:

> Please allow this letter to be a response to this Court's order dated March 7, 2011, directing the Clerk of Gwinnett County Superior Court to forward State's Exhibit 1, a DVD recording of Appellant's police interview, immediately to this Court.
>
> After a diligent search by the staff of the Clerk of Gwinnett County Superior Court and the court reporter at trial, . . . both advise that they are not in possession of State's Exhibit 1. The trial exhibits, due to their size and nature (marijuana included), were apparently returned to Attorney for Appellee . . . for preservation pending appeal.

Also due to their size and nature, I signed an "Evidence Request/Disposition" directing that these items be returned to the secure property room at the Gwinnett County Police Department on September 13, 2007. . . . On that form, I specifically marked that all evidence be held and not destroyed.

Nonetheless, on March 29, 2009, the Gwinnett County Police Department destroyed the DVD, which appears to be the original State's Exhibit 1 admitted at trial. . . . Upon learning this devastating news, I began to search for a true and correct copy of this exhibit to attempt to provide as a replacement. I have searched the file of the Gwinnett County District Attorney's Office, contacted Appellant's trial counsel, . . . contacted Appellant's appellate counsel, . . . and contacted the lead investigator from the Gwinnett County Police Department. . . . None of these parties are in possession of State's Exhibit 1.

Based upon the destruction of State's Exhibit 1, we cannot conduct a meaningful review of the sufficiency of the evidence. *In the Interest of L. G.*, 230 Ga. App. 153, 154 (1) (495 SE2d 628) (1998). The evidence in this case is circumstantial and presents a close question of sufficiency. See *Baltazar v. State*, 254 Ga. App. 773, 775 (564 SE2d 202) (2002). In a similar case, we looked at a defendant's inconsistent statement to conclude sufficient evidence supported the conviction. See *Hitchcock v. State*, 291 Ga. App. 455, 457 (1) (662 SE2d 155) (2008) (defendant's statement to police inconsistent with statement to mail drop employee and showed guilty knowledge of box's contents). In this case, the parties disagree as to whether Alexander's statement recorded in the DVD was inconsistent with his trial testimony and as to whether it was inculpatory or exculpatory.

Based upon the unique facts and circumstances of this case, we have no choice but to reverse and remand this case to the trial court for a new trial.

2. Our holding in Division 1 renders Alexander's remaining enumerations of error moot.

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED MARCH 23, 2011.

*Virginia W. Tinkler*, for appellant.

*Daniel J. Porter, District Attorney, Karen M. Harris, Assistant District Attorney,* for appellee.